OPINION DENYING APPEAL
GARY P. SULLIVAN, Chief Justice.
A Notice of Appeal having been timely filed on April 27, 2001 by Robert E. Welch, Tribal Lay Counselor, from a jury verdict finding the defendant, Oral A. Grey Bear Jr., (hereafter “Oral”), guilty of violations of Title VII CCOJ § 231 (Simple Assault) and Title XVII CCOJ § 107(DIJI) issued after trial on April 17, 2001; and not being able to evaluate the merits of this appeal without a full and complete transcript, this Court issued its order on May 9, 2001 requesting said transcript. When no transcript was forthcom *239 ing, this Court, on October 22, 2001, issued an Order to Show Cause as to why the transcript had not been prepared. Following the show cause hearing on November 2, 2001, the transcript was forwarded to this Court. Now7 then, after thorough review of the entire court record, said appeal is denied for the reasons set forth below.
Oral contends the jury convicted him on less than the substantial evidence required to support the “beyond a reasonable doubt” burden. Specifically, he complains that:
1. The Tribes failed to submit medical evidence of injury to the victims.
2. The Tribes failed to submit “Implied Consent” form signed by him authorizing the arresting officer to administer the Breath Analyzer' (BA) test voluntarily-
3. The Tribes failed to submit into evidence the results of the BA test.
4. The sworn testimony of the victims was offered regarding injuries but said alleged injuries had healed by trial time and could not be viewed by the trier of fact. Thus, without more, such as testimony from health care professionals or medical personnel, no evidence of injuries existed. (Implication is that ‘injury’ is an element of Simple Assault.)
5.The sworn testimony of arresting officer, and other officers, of evidence in control of the Tribes (but not submitted at Trial) that he was “under the influence” was not sufficient to meet the burden of “beyond a reasonable doubt”.
Oral also requests that this Court rule oh the validity and legality of the Portable Breath Analyzer.
Oral’s first contention fails for two reasons: 1) Evidence of personal injury was given at trial in the form of testimony by one of the victims, Marie Castro (see Court Transcript, page 54 line 17; all references hereafter are to the Court Transcript) and a police officer testified that he saw7 the cuts and bruises on the victims upon arriving at the scene (See page 65 line 18 wherein Officer Figueroa answered, “That’s correct” when asked whether he saw the injuries.); and 2) No evidence of actual physical injury is necessary for a violation of § 231[1]. It is sufficient that the wrongdoer places the victim “in fear of serious harm”. Victim Lorie Jo Grey Bear testified regarding her fright (See page 43 line 3).
Oral’s second contention fails for want of authority. The so called “implied consent” statute Title XVII CCOJ 2000 § 108[2] deems all who drive on the highways of the Fort Peck Indian Reservation *240 to have given consent to a chemical test, blood, breath or urine, to determine the alcoholic content in their body. Oral does not cite, nor have we found, any authority that requires that the suspected driver agree to this statute in writing. Indeed, the idea of a “signed consent” by the driver would defeat and de-minimize the intent of the statute.
Oral’s third contention that the Tribes failed to submit evidence of the breath analyzer must refer to “written evidence” inasmuch as Sgt. Martell of the Fort Peck Tribal Police did testify as to the results of the Portable Breath Analyzer (PBA) and the Intoxilyzer 5000 (Sgt. Martell states PBA was .244 at page 114, line 21 and Intoxilyzer 5000 was .188 at page 117, line 10). We know of no statutory requirement mandating that, for eviden-tiary purposes, the results of either the PBA or Intoxilyzer 5000 are to be in writing.
Oral’s fourth contention is similar to his first. Our response to the first contention also satisfies the fourth.
Oral’s final contention regarding the insufficiency of the arresting officer’s testimony to meet the “beyond the reasonable doubt” evidentiary standard also fails for want of authority. Oral does not cite, and we have not found, any authority requiring any particular evidentiary methodology. Title XVII CCOJ 2000 § 107[3] merely gives rise to a presumption of driving under the influence if one of the cited chemical tests bear certain results. Subpara-graph (5) of § 107(b) states: “In addition to the results of chemical analysis as set forth in paragraph (b), other competent evidence may be introduced on the question of whether the defendant was under the influence of intoxicating liquor.” It should be obvious that the sworn testimony of a law enforcement officer who has been trained in administering field sobriety tests and whose actual field experience on a daily basis deals with intoxicated drivers, is considered to be “competent evidence”.
Finally, Oral requests that this Court rule on the legality and validity of the PBA. Inasmuch as this test is used exclusively for the purpose of determining if a driver has consumed alcohol, that is, it is a tool used by law enforcement to establish probable cause, we must respectfully decline Oral’s request. Even so, any such review of the legality or validity of the tools of law enforcement ought to be challenged in the first instance in our Tribal Court.
NOW THEREFORE, it is the order of this Court that the appeal herein, captioned as shown above, is denied and all Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this appeal, are herewith restored and shall be given full force and effect without further delay.
*241 The Clerk of the Court of Appeals shall cause a copy of this order to be served on the defendant, Oral A. Grey Bear Jr. within twenty (20) days of this order.

. Sec. 231. Simple assault. A person who
(a) intentionally causes bodily injury to another; or
(b) recklessly or negligently causes bodily injury to another with a deadly weapon; or
(c) attempts by physical menace to put another in fear of serious bodily harm, or by physical menace causes another to harm himself/herself is guilty of an assault. Simple assault is a Class A misdemeanor, (our emphasis)

. Sec. 108, Chemical blood, breath, or urine tests.
(a) Any person who operates a motor vehicle upon the highways and roads of the Reserva-lion shall be deemed to have given consent, subject to the provisions of this Section, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of this blood. This test shall be administered at the direction of an arresting police officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the highways and roads of the Reservation while under the influence of intoxicating liquor. The arresting officer may designate which one of the aforesaid tests shall be administered

. Sec. 107. Driving a motor vehicle while under the influence of intoxicating liquor or drugs.
(a) It is unlawful and punishable for any person who is under the influence of intoxicating liquors, under the influence of any drug, or under the combined influence of alcohol and any drug, to a degree which renders him/her incapable of safely driving a motor vehicle to operate or be in actual physical control of any motor vehicle upon the highways or roads of the Reservation.
(b) In any criminal prosecution for a violation of paragraph (a) of this Section relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant’s blood, urine, breath or other bodily substance, shall give rise to the following presumptions: ... (our emphasis)